UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-60059-COHN/VALLE

UNITED STATES OF AMERICA

v.

JASON MATTHEW BONAVENTURA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Third Party Stacy Dimitrakis' ("Petitioner") Petition Asserting Third Party Rights and Interest in Real Property (ECF No. 137) (the "Petition"), which has been referred to the undersigned for Report and Recommendation. *See* (ECF No. 138). After due consideration of the Petition, the Government's Motion to Dismiss Verified Petition (the "Motion to Dismiss") (ECF No. 141), Petitioner's Response to the Motion to Dismiss (ECF No. 153), and the Government's Reply (ECF No. 154), and being otherwise fully advised on the matter, the undersigned respectfully recommends that the Petition be **DENIED** and the Motion to Dismiss be **GRANTED** for the reasons set forth below.

### I.    BACKGROUND

In April 2024, Defendant Jason Matthew Bonaventura ("Defendant") was charged in a one-count Information with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. *See generally* (ECF No. 1). The Information also sought forfeiture of any real or personal property (including substitute assets) that constitutes or is derived from gross proceeds traceable to the offense. *See id.* at 11. On June 4, 2024, the Court accepted Defendant's plea of guilty to the Information. *See* (ECF Nos. 43, 59). As part of his Plea Agreement with the Government,

Defendant agreed to a forfeiture money judgment of $2,077,023.24 and to the forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p). (ECF No. 43 at 6-7). Defendant then submitted a financial disclosure to the U.S. Attorney's Office, in which he identified his interest in real property located at 3301 N.W. 112 Avenue, Coral Springs, Florida 33065 (the "Subject Property"). *See* (ECF No. 141 at 2). The deed for the Subject Property identifies Defendant, "a single man," as the grantee and sole holder of legal title. (ECF No. 141-1 at 1).

On October 11, 2024, the Government moved for the entry of a forfeiture money judgment (in the amount of $2,077,023.24) and for the forfeiture of the Subject Property. *See generally* (ECF No. 124). Defendant filed a response, noting that the Subject Property "is subject to a substantial mortgage owned by a bank and the co-ownership of Stacy Dimitrakis, his significant other, and mother of their 7 year old son." (ECF No. 127 at 1). Defendant objected to forfeiture of the Subject Property and requested that forfeiture be limited to Defendant's "equity interest" in the Subject Property. *Id*. at 2. The Government, in turn, argued that pursuant to Federal Rule of Criminal Procedure 32.2, a preliminary order of forfeiture must be entered without regard to any third party's interest in the Subject Property. *See* (ECF No. 128 at 2). On October 22, 2024, the District Judge issued a Preliminary Order of Forfeiture, entering a forfeiture money judgment in the amount of $2,077,023.24 and forfeiting the Subject Property. *See generally* (ECF No. 131).

On December 17, 2024, the instant Petition was filed. *See generally* (ECF No. 137). In the Petition, Petitioner acknowledges that her name is not on the deed of the Subject Property and that she is not married to Defendant. *Id.* at 2. Nonetheless, Petitioner claims a one-half interest in the Subject Property as an "equitable owner of the home." *Id*. In lieu of responding to the Petition, the Government filed its Motion to Dismiss, arguing that even if Petitioner has a possessory interest in the Subject Property, she nevertheless lacks standing to contest its forfeiture because

she does not have any legal interest in the Subject Property. *See generally* (ECF No. 141). In addition, the Government claims that, even if Petitioner has standing, she has not stated a cause of action under 21 U.S.C. § 853(n)(6) because she has not shown that her interest is superior or that she is a bona fide purchaser of the Subject Property. *Id*. at 8-9. According to the Government, Petitioner thus lacks constitutional and statutory standing because she has no legal interest in the Subject Property and has otherwise failed to state a claim under 21 U.S.C. § 853(n)(6). *See generally* (ECF No. 154). For the reasons below set forth below, the undersigned recommends that the Petition be dismissed for lack of standing.

## II.     LEGAL STANDARDS

### A.     Criminal Forfeiture in Ancillary Proceedings

A third party claiming a legal interest in property that has been ordered forfeited to the Government may petition the court to determine the validity of that party's alleged interest in the property. 21 U.S.C. § 853(n)(2). This is accomplished through an ancillary forfeiture proceeding, where the only issue is "ownership of the property forfeited in the criminal case." *United States v. Smith*, 953 F. Supp. 2d 1260, 1266 (M.D. Fla. 2013); Fed. R. Crim. P. 32.2(c)(1) ("If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding. . . .").

To challenge the Government's claim to the forfeited property, a petitioner "must first establish [her] standing to challenge the forfeiture order by demonstrating a 'legal interest' in the forfeited property under § 853(n)(2)." *United States v. Natalie Jewelry*, No. 14-CR-60094, 2015 WL 9700962, at *1 (S.D. Fla. Dec. 23, 2015), *report and recommendation adopted*, 2016 WL 183314 (S.D. Fla. Jan. 13, 2016) (citation omitted); *see Stettin v. United States*, No. 12-CV-62193, 2013 WL 4028150, at *5 (S.D. Fla. Aug. 7, 2013) (standing requirements for third party petitioners

3

are found in § 853(n)(2), which requires an initial showing of a "legal interest"). Standing in forfeiture cases has "both constitutional and statutory aspects." *United States v. Tardon*, 493 F. Supp. 3d 1188, 1208 (S.D. Fla. 2020) (quoting *United States v. Timley*, 507 F.3d 1125, 1129 (8th Cir. 2007)). "As to constitutional standing, '[i]t is well established that a party seeking to challenge a forfeiture of property must first demonstrate an ownership or possessory interest in the seized property in order to have standing to contest the forfeiture.'" *Id.* (quoting *Timley*, 507 F.3d at 1129). To establish constitutional standing, the petitioner need not own the property; a lessor property interest, such as possessory interest, is enough. *United States v. Hassan*, 411 F. Supp. 3d 1302, 1307 (M.D. Fla. 2019). As to statutory standing, § 853(n)(2) requires a petitioner: (i) be a person other than the defendant; (ii) assert a legal interest in property that has been ordered forfeited; and (iii) do so within 30 days of the publication or receipt of notice of the preliminary order of forfeiture. *Tardon*, 493 F. Supp. 3d at 1209; *Stettin*, 2013 WL 4028150, at *5.

Once a petitioner has made an initial showing of a legal interest, the Court must hold an ancillary hearing at which the petitioner must prove, by a preponderance of the evidence, that either: (i) her interest in the property was vested or was superior to the interest of the defendant at the time of the acts giving rise to the forfeiture; or (ii) she is a bona fide purchaser of the property for value. *See* 21 U.S.C. § 853(n)(6)(A), (B); *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003) (noting that § 853(n)(6) protects only two classes of petitioners). The Court looks to state law to determine the nature of a petitioner's interest in the property, but federal law determines whether the petitioner's interest in the forfeited property is superior and requires an amendment to the forfeiture order. *Tardon*, 493 F. Supp. 3d at 1208 (citing *States v. Shefton*, 548 F.3d 1360, 1364 (11th Cir. 2008)); *see* Dee R. Edgeworth, *Asset Forfeiture: Practice & Procedure in State & Federal Courts* 216 (3d ed. 2014) ("Legal ownership in the property is determined by

reference to state law, but whether that legal interest qualifies for an exemption is evaluated by the terms of the federal statute.") (citations omitted).

### B.     Motion to Dismiss in Ancillary Proceedings

Although arising from a criminal case, ancillary forfeiture proceedings are civil in nature and thus governed by the Federal Rules of Civil Procedure. *Natalie Jewelry*, 2015 WL 9700962, at *2; *United States v. Negron-Torres*, 876 F. Supp. 2d 1301, 1304 (M.D. Fla. 2012). Accordingly, the parties in an ancillary forfeiture proceeding may move to dismiss a petition for lack of standing, for failure to state a claim, or for any other lawful reason. *See Natalie Jewelry*, 2015 WL 9700962, at *2; *Negron-Torres*, 876 F. Supp. 2d at 1304; Fed. R. Crim. P. 32.2(c)(1)(A). Thus, a court may dismiss any third party petition that fails to meet the pleading requirements without holding a hearing. *Hassan*, 411 F. Supp. at 1307. If a motion to dismiss a third party petition is filed prior to discovery or a hearing, the Court treats it like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b). *Id*. (citing *United States v. Marion*, 562 F.3d 1330, 1342 (11th Cir. 2009)).

Similar to review under a Rule 12(b) motion to dismiss, the Court must accept all factual allegations in the Petition as true. Fed. R. Crim. P. 32.2(c)(1)(A) ("For purposes of the motion [to dismiss], the facts set forth in the petition are assumed to be true."); *see Alcon Lab'ys, Inc. v. Allied Vision Grp., Inc.*, No. 18-CV-61638, 2019 WL 2245584, at *1 (S.D. Fla. Mar. 7, 2019) (providing the same for review of a civil complaint). In the context of ancillary forfeiture proceedings, "[t]o survive dismissal, 'a third-party petitioner must offer enough detail about the nature and extent of his interest and the time and circumstances of his acquisition of that interest to allow the Court to determine whether the petition merits a hearing." *Hassan*, 411 F. Supp. 3d 1308 (quoting *United States v. Pegg*, No. 7:97-CR-30 HL ALL, 2000 WL 34612651, at *3 (M.D. Ga. Nov. 9, 2000)).

### III.  DISCUSSION

Even if Petitioner was found to have constitutional standing based on her alleged possessory interest in the Subject Property, Petitioner nonetheless lacks statutory standing because she has not made a sufficient showing of a "legal interest" in the Subject Property. *See id*.; *Tardon*, 493 F. Supp. 3d at 1208-09 (addressing the requirements of each). In assessing statutory standing, the Court decides "whether the third-party petitioner has a legally sufficient interest in the forfeited property to give her standing to challenge the forfeiture." *Hassan*, 411 F. Supp. 3d 1302 (citing *United States v. Morales*, 36 F. Supp. 3d 1276, 1284 (M.D. Fla. 2014)). Although § 853(n) does not define what constitutes a "legal interest," it is clear that "[a] legal interest only encompasses legally protected rights, not equitable rights." *Timely*, 507 F.3d at 1129; *see United States v. Lee*, 748 F. Supp. 3d 1142, 1155 (M.D. Fla. 2024*), reconsideration denied*, No. 8:22-CR-437-WFJ-SPF, 2024 WL 4695881 (M.D. Fla. Nov. 6, 2024) (dismissing petition for lack of standing because petitioner had no legal interest in property and "reject[ing] any equitable remedy as inapplicable in this ancillary forfeiture proceeding"). Moreover, where, as here, the Petition alleges only conclusory claims of property interest without adequate factual or legal support, the Petition is insufficient to establish standing. *See Hassan*, 411 F. Supp. 3d 1308 ("A petitioner must provide more than conclusory allegations, such as claiming the property is a marital asset, to state a claim under § 853(n).").

Against this factual and legal backdrop, the undersigned concludes that Petitioner has not provided sufficient detail about the nature and extent of her interest or the circumstances of her acquisition of that interest in the Subject Property to warrant a hearing. *See id*. For example, Petitioner alleges that she, Defendant, and their child, lived in the Subject Property since its purchase and that Petitioner "contributed extensively to the funds used to acquire and maintain the

6

property, by way of payment of mortgages and other financing." (ECF No. 137 at 1-2). Thus, Petitioner claims to be an "equitable owner of the home" and asks the Court "to find her equitable ownership to be that [of] joint ownership." *Id.* at 2. Petitioner, however, cites to no case law or state legal authority for this proposition and fails to allege a *legal* interest in the Subject Property under Florida law.[1] *See Hassan*, 411 F. Supp. 3d at 1309 ("Given the unrefuted assertions that [petitioner] is not legally married to [d]efendant and does not hold title to the [p]roperty, her reliance on the conclusory contentions that she has a marital interest and holds an interest as a 'tenant by the entirety' are not enough."); *Lee*, 748 F. Supp. 3d at 1154 (dismissing petition for lack of standing where petitioner failed to allege a legal interest in the property under the applicable state law).

Here, the allegations in the Petition, even accepted as true, are insufficient as a matter of law to satisfy the statutory standing requirements of § 853(n), and the Petition should be dismissed without a hearing. *See* Fed. R. Crim. P. 32.2(c)(1)(A); *Hassan*, 411 F. Supp. 3d 1310 (dismissing petition on standing grounds without a hearing where petitioner "failed to establish she has a legal interest in the [p]roperty and to satisfy the pleading requirements of § 853(n)(3)"); *Lee*, 748 F. Supp. 3d at 1153 (noting that in the ancillary forfeiture context, "[d]iscovery and a hearing are not required prior to ruling on the United States' motion to dismiss").

---

[1] As a result, the undersigned need not address the Government's alternative argument that Petitioner has not shown a superior interest or that she is a bona fide purchaser of the Subject Property, as those are statutory considerations that become relevant only "after the hearing." 21 U.S.C. § 853(n)(6); *see De Saro v. United States*, 173 F. App'x 760, 764 (11th Cir. 2006) (noting the standing inquiry and the determination on the merits of the forfeiture action are separate inquiries). Indeed, § 853(n)(2) "requir[es] an initial showing of a 'legal interest' to obtain an ancillary hearing and § 853(n)(6) . . . requir[es] a showing of a 'superior legal interest' to prevail at the hearing." *Stettin*, 2013 WL 4028150, at *5 (citations omitted).

## IV.     RECOMMENDATION

For the reasons set forth above, the undersigned hereby **RECOMMENDS** that Third Party Stacy Dimitrakis' Petition (ECF No. 137) be **DENIED**, and that the Government's Motion to Dismiss be **GRANTED** (ECF No. 141).

Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's Order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2024); *see Thomas v. Arn*, 474 U.S. 140 (1985).

Lastly, if the parties do not intend to file objections, they shall file a Notice of Non-Objection within **7 days** of this Report and Recommendation.

**DONE AND ORDERED** at Chambers in Fort Lauderdale, Florida on October 29, 2025.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

    The Honorable James I. Cohn
    All Counsel of Record